UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KENYON DARRELL BROWN,<br><br>    Petitioner,<br><br>  v.<br><br>KELLY SANTORO, Warden,<br><br>    Respondent. | Case No. 5:21-cv-00819-RGK-JDE<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, including the Petition (Dkt. 1), Respondent's Answer to the Petition (Dkt. 21), Petitioner's Reply (Dkt. 23), Petitioner's Supplemental Reply (Dkt. 24), Petitioner's September 23, 2021 Motion to Supplement (Dkt. 26), Respondent's Opposition to the Motion to Supplement (Dkt. 29), Petitioner's Reply to the Opposition (Dkt. 33), Petitioner's December 1, 2021 Proposed Supplement (Dkt. 38), the Report and Recommendation of the United States Magistrate Judge (Dkt. 42, "Report"), Petitioner's Objections to the Report (Dkt. 47), and Petitioner's Supplemental Objections (Dkt. 48). Having engaged in a de novo review of those portions of the Report to which objections have

been made, the Court concurs with and accepts the findings and recommendation of the Magistrate Judge.

The Court also has considered Petitioner's recent Motions to Supplement (Dkt. 46, 49), both of which were filed after the Report was issued and in violation of multiple Court orders (Dkt. 9, 15, 34, 36). In these motions, Petitioner seeks to add the following grounds for relief: (1) the failure to transcribe the hearing in the Mental Health Court on appeal violated his right to a fair trial; (2) his sentence must be vacated in light of Assembly Bill 518; (3) the California Department of Corrections and Rehabilitation ("CDCR") has violated his due process rights by failing to request the trial court to recall his sentence under Cal. Penal Code § 1170(d); (4) his current sentence violates Cal. Penal Code § 654 and his right to a fair trial; and (5) he should be eligible for early parole consideration under Art. I, Section 32 of the California Constitution. He also reasserts that he is entitled to the benefit of Assembly Bills 124 and 1540 and should have been afforded mental health treatment.

As explained in the Report, the decision whether to grant leave to amend "is within the discretion of the District Court" and may be denied where amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). Proposed amendments are futile when they are "either duplicative of existing claims or patently frivolous." Murray v. Schriro, 745 F.3d 984, 1015 (9th Cir. 2014) (quoting Bonin, 59 F.3d at 846). Here, all of Petitioner's proposed claims are frivolous, and as such, allowing amendment of the Petition to add these new claims would be futile.

As the Court has repeatedly explained in this action and others filed by Petitioner, federal habeas relief is not available for errors of state law. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner's

claims based on Cal. Penal Code § 654 and Assembly Bill 518, which amends Section 654, solely involve the interpretation and/or application of state sentencing laws and as such, are not cognizable on federal habeas review. McGuire, 502 U.S. at 68; Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). To state a cognizable federal habeas claim based on an alleged state sentencing error, a petitioner must show that the alleged error was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." Richmond v. Lewis, 506 U.S. 40, 50 (1992) (citation omitted). Petitioner has made no such showing. As explained in the Report, Petitioner's sentence was within the limits authorized by state law and pursuant to a stipulated plea. He was not punished twice for a single act in violation of Cal. Penal Code § 654; rather, he was punished in accordance with Cal. Penal Code §§ 667 and 1170.12 as a repeat offender. See People v. Murphy, 25 Cal. 4th 136, 154-56 (2001) (prior conviction enhancements do not implicate Section 654). Petitioner's state law claims based on violations of Section 654 are frivolous.

      Similarly, Petitioner's claim that CDCR has failed to file a request to recall his sentence under Cal. Penal Code § 1170(d) alleges, at most, a violation of state law. Such claim is not cognizable under Section 2254. Petitioner may not transform this state law issue into a federal claim by merely asserting a violation of due process. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (as modified); Agee v. Jaime, 2020 WL 5892023, at *3 (C.D. Cal. Oct. 5, 2020) (petitioner's challenge to the denial of his request to recall his sentence did not present a basis for federal habeas relief); Nichols v.

Pfeiffer, 2019 WL 4014429, at *7 (C.D. Cal. Aug. 26, 2019) (claim regarding plaintiff's request to have CDCR request to recall his sentence was not cognizable on federal habeas review).

     Petitioner's claim that he is eligible for early parole consideration under Article I, Section 32 of the California Constitution is equally unavailing. Petitioner raised similar claims in Brown v. Cal. Dep't of Corrections, et al., Case No. 5:21-cv-00505-RGK-JDE (C.D. Cal.). That action was summarily dismissed on April 15, 2021. As the Court explained in that action, Petitioner's claim that CDCR has failed to afford him the benefit of Proposition 57, which added Article I, Section 32 to the California Constitution, is exclusively a matter of state law and implicates no federal right. See Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (per curiam) ("the responsibility for ensuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts"); Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). As in the prior action, this claim is not cognizable on federal habeas review. See, e.g., Reed v. Covello, 2020 WL 1523578, at *1 (C.D. Cal. Feb. 26, 2020) ("the district courts in California uniformly agree that prisoners' claims of eligibility for accelerated parole consideration under Proposition 57 fail to raise a cognizable federal issue"), report and recommendation accepted by 2020 WL 1505721 (C.D. Cal. Mar. 27, 2020); Alford v. Doe, 2018 WL 1896533, at *1 (C.D. Cal. Apr. 18, 2018) (concluding that claim based on Proposition 57 was not cognizable).

     Petitioner's proposed due process challenge to the failure to transcribe the proceedings in the Mental Health Court on appeal also is frivolous. Petitioner does not allege or provide any evidence showing he requested and was denied a transcript of these proceeding on appeal. Nor has Petitioner made

any showing of a need for the transcript by specifying how the transcript of those proceedings would have assisted him in obtaining mental health treatment or assisted him on appeal. Again, Petitioner cites no specific evidence that the trial court failed to properly consider. Petitioner would not be entitled to habeas relief on this claim. <u>See, e.g.</u>, <u>Ready v. Kernan</u>, 2020 WL 2478488, at *26-27 (C.D. Cal. Feb. 10, 2020) (rejecting claim relating to the failure to provide certain portions of petitioner's trial transcript), <u>report and recommendation accepted by</u> 2020 WL 4042778 (C.D. Cal. July 17, 2020).

Finally, Petitioner's remaining proposed claims were addressed in the Report, all of which are frivolous. Petitioner has not raised any new arguments in connection with these claims or cited any specific evidence supporting his contention he was entitled to mental health treatment.

IT IS THEREFORE ORDERED that:

1. The Report and Recommendation is approved and accepted;

2. Petitioner's Motions to Supplement (Dkt. 26, 38, 46, and 49) are DENIED; and

3. Judgment shall be entered denying the Petition and dismissing this action with prejudice.

<u>Due to Petitioner's repeated violations of prior court orders by filing unauthorized documents, other than appeal-related filings or motions filed in accordance with Fed. R. Civ. P. 59 and/or 60, no further filings by Petitioner will be accepted in this closed case.</u>

Dated: January 12, 2022

R. GARY KLAUSNER
United States District Judge